[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Newington Children's Hospital appeals decisions of the defendant commission on hospitals and health care calculating the hospital's budget for its 1994 fiscal year. The commission moves to dismiss the appeal. The court finds the issues in favor of the defendant commission.
The facts essential to the court's decision are CT Page 10135 not in dispute. The commission regulates hospitals' budgets pursuant to General Statutes §§ 19a-167 through 19a-167g. In 1993, the legislature enacted public Act 93-229, which established a different method of calculating hospital budgets for the 1994 fiscal year. In essence, the Act requires the 1994 budget to be calculated by mathematic formula, using the previous year's budget figures as the base. The Act does not provide for any public hearings, either as a prelude to the commission's calculations and decisions or as a forum for contesting the calculations.
In July, September and October 1993, the commission issued decisions in which it calculated the hospital's budget for the 1994 fiscal year. It made the calculations and issued the decisions pursuant to Public Act 93-229. It is these decisions that are the subject of this appeal.
The principal basis of the commission's motion to dismiss is its contention that its decisions on the budget calculations pursuant to the Act are not "final decisions" within the meaning of the Uniform Administrative Procedure Act, General Statutes § 4-166
et seq. Therefore, it argues, those decisions are not appealable.
General Statutes § 19a-158 is the "specific statutory authority permitting the appeal of a . . . decision" of the commission. New England RehabilitationHospital, Inc. v. Commission on Hospitals and HealthCare, 226 Conn. 105, 120 (1993). In pertinent part, that statute provides: "Any health care facility or institution . . . aggrieved by any final decision of said commission . . . may appeal therefrom in accordance withthe provisions of section 4-183." (Emphasis added).
General Statutes § 4-183, in conjunction with § 4-166, provides only a limited right of appeal from state agency actions to this court. Not every action of an administrative agency is appealable. A person may appeal only a "final decision," which is defined in § 4-166 as an "agency determination in a contested case." A "contested case" is a proceeding "in which the legal rights, duties or privileges of a party are CT Page 10136 required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held." Id. A person "does not have a right to appeal unless the (agency) was statutorily required to determine the (appellant's) legal right or privilege in a hearing or after an opportunity for a hearing."Summit Hydropower Partnership v. Commissioner ofEnvironmental Protection, 226 Conn. 792, 802 (1993).
In opposition to the commission's motion, the plaintiff argues that the term "final decision" as used in § 19a-158 does not have the same meaning as it does in §§ 4-183 and 4-166. It follows, the plaintiff contends, that § 19a-158 provides a right to appeal decisions of the commission that would otherwise be prohibited by § 4-183. The plaintiff offers no authority for this theory. In support of it, however, the plaintiff asserts that the "hearing prerequisite" is meaningless in the context of § 19a-158 because none of the statutes covered by that section, §§ 19a-167a through 19a-167, affords a hospital the right to a hearing on rate calculations.
There are two flaws in the plaintiff's argument. First, §§ 19a-167c(c) and 19a-167e(c) of the budget statutes do afford hospitals the right to hearings in certain circumstances. Accordingly, and contrary to the plaintiff's assertion, the Summit Hydropower hearing requirement is meaningful and viable in the context of § 19a-158. Second, and more significantly, the plaintiff's argument conflicts with the explicit requirement of § 19a-158 that appeals of commission decisions be made to the court "in accordance with the provisions of section 4-183." One of those provisions is, of course, that the subject of the appeal be a "final decision." That provision, in turn, invokes the § 4-166 definition of "final decision" and the concomitant requirement that there be a statutory right to a hearing.
In summary, the applicable statute in this case, Public Act 93-229, does not afford the plaintiff hospital an opportunity for a hearing on the commission's budget calculation for fiscal year 1994. The hospital does not have a right to appeal the CT Page 10137 commission's budget calculation, therefore, because the case is not a "contested case" as that term is defined in § 4-166 and the commission's action is not a "final decision" as that term is used in § 4-183.
The motion to dismiss the appeal is granted.
MALONEY, J.